The Honorable Gary Isbell Circuit Chancery Judge 14th Judicial District #1 East Seventh Street Baxter County Courthouse Mountain Home, Arkansas 72653
Dear Judge Isbell:
This is in response to your request for my approval of an "Interlocal Agreement" to be entered into under the provisions of A.C.A. § 14-14-910
(1987) between Baxter County, Arkansas and the City of Mountain Home, regarding the County's use of a City building in the City of Mountain Home, as a proposed "Teen Education Center." Specifically, you note that the "Baxter County Juvenile Services Department" (an arm of Baxter County) has applied for state grant funds to operate the "Teen Education Center," and wishes to enter into an agreement with the City of Mountain Home for the use of a City-owned building to house the "Teen Education Center," assuming the grant application is approved.
I must note that my approval of this particular agreement is not required under A.C.A. § 14-14-910. That statute authorizes counties to enter into "Interlocal agreements," and provides at subsection (d) for the submission of such agreements to "legal counsel." The statute requires the approval of such "legal counsel" prior to and as a condition precedent to the final adoption and performance of the agreement. Subsection (e) of the same statute requires my approval with respect to any such agreement made by a county which "includ[es] a state or a state agency. . . ." Presumably this requirement is effective when the state or a state agency is a party to the interlocal agreement. See Ops. Att'y Gen. 94-046, 93-298, 93-018, and 93-134. Although the Agreement at issue mentions a grant application with the Arkansas Department of Health, Bureau of Alcohol and Drug Abuse Prevention, it does not appear that the Department of Health is a party to the Agreement, or that you, in your capacity as a circuit/chancery judge (a state officer) are a party to the Agreement. It appears, rather, that the Agreement is between Baxter County and the City of Mountain Home, Arkansas. In such an instance my approval of the agreement is not necessary. All that is necessary is that the Agreement be approved by legal counsel under the provisions of A.C.A. § 14-14-910(d).[1]
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Because you have specifically indicated that the Agreement is entered into under the provisions of A.C.A. § 14-14-910, and the Agreement indeed reflects this fact, the provisions of A.C.A. §§ 25-20-101
to -108, regarding "Interlocal Cooperation Agreements," which provisions contain a requirement of Attorney General approval, are not applicable. The County is free to enter into this Agreement under the provisions of A.C.A. § 14-14-910 (a later enactment dealing specifically with the authority of counties), and not under the provisions of A.C.A. §§25-20-101 to -108.